United States District Court

Eastern District of California

Kenneth Hernandez,

    Plaintiff,                      Civ. No. S-05-0571 GEB PAN P

  vs.                            Order on Request for Counsel

High Desert State Prison, et al.,

    Defendants.

-oOo-

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action. Plaintiff moved for appointment of counsel on May 2, 2005.

In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel. Lassiter v. Department of Social Services, 452 U.S. 18, 26-27 (1981). Section 1915(e)(1) of Title 28 confers discretion upon the court to request counsel represent an indigent civil litigant. Mallard v. District Court, 490 U.S. 296 (1989).

In deciding whether to appoint counsel the court exercises discretion governed by a number of factors, including the

likelihood of success on the merits and the applicant's ability to present his claims in light of their complexity. <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); <u>see also</u>, <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987). Ordinarily the presumption of regularity in the state's procedures for confining prisoners suggests a lack of likely success and counsels against appointment of counsel. <u>See</u> <u>Maclin v. Freake</u>, 650 F.2d 885, 887 (7th Cir. 1981). As a general rule, the court will not appoint counsel unless the applicant shows his claim has merit in fact and law. <u>Id.</u> Even if the applicant overcomes this hurdle, the court will not appoint counsel if the law is settled and the material facts are within the plaintiff's possession, viz., they do not require investigation outside the prison walls. <u>Id.</u> at 887-88.

Here, plaintiff has not filed a complaint. He filed a "memorandum" regarding a "code of silence" at High Desert State Prison. The court ordered plaintiff file a complaint and this file will be closed if he does not. There is, on the record before the court, no reason to believe appointment of counsel would be of significant benefit.

Plaintiff's May 2, 2005, request for the appointment of counsel therefore is denied.

So ordered.

Dated: May 10, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge