IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH HERNANDEZ,

    Plaintiff,

vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.

No. CIV S-05-0571 GEB EFB P

AMENDED FINDINGS & RECOMMENDATION

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On October 10, 2006, plaintiff filed a motion seeking a court order enjoining prison officials from interfering with his mail. The court construes the request as a motion for a preliminary injunction. For the reasons explained below, the court finds that plaintiff is not entitled to the relief he seeks.

    A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it, *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964), and therefore will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).

To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). Since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

To prevail on a motion for a prohibitory injunction, plaintiff must show the relief sought is necessary to preserve the status quo and that the alleged threat is immediate and irreparable at law. Because the relief plaintiff seeks would require prison officials affirmatively to alter application of departmental regulations with regard to plaintiff, plaintiff's burden is exceptionally rigorous.

Here, plaintiff has failed to show that he is likely to prevail on the merits. Assuming that he has at least raised serious questions going to the merits, he has not demonstrated that the balance of relative hardships sharply tips in favor of granting preliminary injunctive relief. Indeed, weighing the relative hardships, the court finds that plaintiff has not shown a threat of irreparable harm. He alleges in the motion that staff at High Desert State Prison arbitrarily apply the rules regarding inmate mail, specifically, that mail room staff open, outside his presence, outgoing mail from plaintiff to the court and incoming mail from the Office of the Attorney General marked "confidential." The allegations have little if anything to do with the merits of his complaint, which alleges that the named defendants either attacked or failed to protect him

from an attack by the other defendants.  Moreover, he does not address how this interference has impeded his access to the court where he has been able to file this request for preliminary injunction.  Whatever the status regarding interference with mail and its nexus to the merits of this case, plaintiff has not shown irreparable harm and, indeed, it appears not to have affected his ability to litigate this action.  He has managed to file the complaint and the instant motion.

Furthermore, there is no right to privacy in the mail in prison, *United States v. Choate*, 576 F.2d 165 (9th Cir. 1978), and "prison officials may examine the communications of a prisoner without infringing upon his rights." *United Sates v. Wilson*, 447 F.2d 1, 8 n.4 (9th Cir. 1971).  Opening and inspecting a prisoner's legal mail in the presence of the inmate is doing all, and perhaps even more, than the Constitution requires.  *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974).  Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail. *Keenan v. Hall*, 83 F.3d 1083, 1094, as amended by 135 F.3d 1318 (9th Cir. 1998)*(citing Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir.1987) ("[W]ith minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files.").  Because mail to and from the courts is not legal mail, any claim that mail from the courts was not treated in a confidential manner does not state a claim.  *Keenan*, 83 F.3d 1094.

Because plaintiff has not demonstrated a combination of either probable success on the merits and the possibility of irreparable injury, or that serious questions have been raised regarding the merits of his claims and that the balance of relative hardships tips sharply in his favor, he has not met his burden on the instant motion.  For the foregoing reasons, plaintiff's motion for a preliminary injunction must be denied.

Accordingly, it is hereby RECOMMENDED that plaintiff's <u>October 10, 2006</u>, request for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 7, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE