IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH HERNANDEZ,

      Plaintiff,                    No. CIV S-05-0571 GEB EFB P

    vs.

HIGH DESERT STATE PRISON, et al.,

      Defendants.              FINDINGS AND RECOMMENDATIONS

                                /

Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the May 11, 2005, amended complaint in which plaintiff alleges defendants used excessive force in violation of the Eighth Amendment by prison officials at High Desert State Prison (HDSP). The matter is now before the court on defendants' October 17, 2006, motion to dismiss on the ground that plaintiff failed to exhaust the available administrative remedies.

**I.    Facts**

Plaintiff is a state prisoner incarcerated at High Desert State Prison. Amended Complaint ("Compl."), at 1. Plaintiff alleges that defendant Officer Sharpe used excessive force against him on May 26, 2004. Compl., at 5. He further claims that defendants Brackett and Mendoza

observed what happened and failed to intervene, that defendants Crandall and Priolo used excessive force while escorting him for medical treatment following the incident with Sharpe, that defendants St. Andre and Stovall observed what Crandall and Priolo did and failed to intervene, and that defendants Felker, Martin, Kirsh, and Dumondon conducted an internal affairs investigation that exonerated Sharpe and resulted in criminal charges for battery against plaintiff. Compl., at 5-19.

Plaintiff exhausted the grievance (Log No. HDSP 04-1795) as to his excessive force claims against Officer Sharpe on April 12, 2005. Compl., Part 2, at 34; Defs.' Mot. to Dism., Ex. A, Attach. 1; Ex. B, Grannis Decl., at ¶ 6. The operative complaint was filed previous to plaintiff's exhaustion, on March 24, 2005.

The other two grievances plaintiff filed concern claims that plaintiff was denied a fair hearing, disciplined, and assessed a SHU term based on false charges that he had assaulted defendant Sharpe. Ex. A, Attach. 2-3. Those grievances were exhausted at the Director's Level, but do not concern the claims against the other defendants in this action. Ex. B, at ¶ 7.

## II. Standards Applicable to This Motion

Defendants seek dismissal under Rule 12(b) of the Federal Rules of Civil Procedure. While the Ninth Circuit has stated that Rule 12(b) is the proper mechanism for resolving questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the reason underlying that decision has been undermined. The Ninth Circuit found that failure to exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)."[1] *Wyatt*, 315 F.3d at 1119. However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the

---

[1] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the allegations in the complaint. It is a motion in which defendant must raise and prove by evidence the absence of exhaustion. *Id.* In this regard, the Ninth Circuit in *Wyatt* provides further guidance. It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment." *Id.*, n.14

burden of pleading and proving. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2007). Federal courts appropriately consider affirmative defenses on summary judgment. Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

### III.  Rule 56 Standards

Summary judgment pursuant to Fed. R. Civ. P. 56 avoids unnecessary trials in cases with no disputed material facts.[2] *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over facts material to the outcome of the case; e.g., issues that can only be determined through presentation of testimony and evidence at trial such as credibility determinations of conflicting testimony over dispositive facts.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact

---

[2] On July 31, 2006, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

**IV.  Failure to Exhaust**

The applicable statute is 42 U.S.C. § 1997e(a), which provides in relevant part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002). Defendant has the burden of proving that plaintiff did not exhaust. *Brown v.*

*Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id*., at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*., at § 3084.5. A division head reviews appeals on the first formal level, *see Id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id*., at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*., at § 3084.1(a).

Here, defendants have demonstrated that the plaintiff did not complete exhaustion prior to filing his complaint. Appended to his amended complaint is a copy of a Director's Level decision dated April 12, 2005, regarding an alleged attack on plaintiff by defendant Sharpe. Plaintiff filed his original complaint in this action on March 24, 2005, predating exhaustion of his administrative remedies. As noted, a prisoner must exhaust available administrative remedies *before* filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Vaden*, 449 F.3d at 1051; *McKinney*, 311 F.3d at 1200.

Accordingly, it is hereby RECOMMENDED that defendants' October 17, 2006, motion to dismiss be granted for plaintiff's failure to exhaust administrative remedies and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: February 8, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE